## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIM TOTH, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| NCO FINANCIAL SYSTEMS, INC; and Does 1-10, inclusive, | : **COMPLAINT** |
| Defendant. | : |

For this Complaint, the Plaintiff, TIM TOTH, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Further, Defendant negligently, knowingly, and/or willfully place automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v.*

*Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

5. The Plaintiff, TIM TOTH ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NCO FINANCIAL SYSTEMS, INC ("NCO"), is a foreign corporation doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).   NCO is a Pennsylvania entity with an address of: 507 Prudential Road, Horsham, PA 19044.

7. Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. NCO at all times acted by and through one or more of the Collectors.

2

## ALLEGATIONS APPLICABLE TO ALL COUNTS
### The Debt

9. Plaintiff allegedly incurred a financial obligation (the "Debt") to Creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone dialing systems.

15. *47 U.S.C. § 227(a)(1)* defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

    (A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B)    to dial such numbers.

16. Specifically, *47 U.S.C. § 227(1)(A)(iii)* prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

17. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

18. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

19. Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

20. On or about July 5, 2012, July 10, 2012, July 12, 2012, July 17, 2012, July 19, 2012 and October 18, 2012, NCO called and left messages on

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

Plaintiff's cellular phone., Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

21. The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. Pursuant to the contract with his cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

23. Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on his cellular telephone.

24. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

25. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS using a prerecorded voice.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement between Plaintiff and Creditor.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

32. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

33. Plaintiff incorporates by reference all of the paragraphs of this

Complaint as though fully stated herein.

34. Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices Act,

when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

35. Congress further recognized a consumer's right to privacy in financial

data in passing the Gramm Leech Bliley Act, which regulates the

privacy of consumer financial data for a broad range of "financial

institutions" including debt collectors albeit without a private right of

action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

36. Defendants and/or their agents intentionally and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

37. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

38. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

39. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## COUNT III

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express consent.

43. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

44. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

46. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

47. Defendant knowingly and/or willfully placed multiple automated calls

using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express consent.

48. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

49. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF NRS 604A AS INCORPORATED THROUGH 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

1. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent NRS 604A violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

## COUNTS III AND IV

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

11

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 9, 2013

Respectfully submitted,

By  /s/ George Haines, Esq.

George Haines, Esq.
Nevada Bar No. 9411
HAINES & KRIEGER, LLC
5041 N. Rainbow Blvd.
Las Vegas, Nevada 89130
Phone: (702) 880-5554
FAX: (702) 967-6665
Email:
ghaines@hainesandkrieger.com

Attorney for Plaintiff
*TIM TOTH*